**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN LEE PIERCE, | No.    22-35387 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05384-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted July 13, 2023
Seattle, Washington

Before:  GRABER, GOULD, and PAEZ, Circuit Judges.

Ryan Lee Pierce appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of disability insurance benefits and

supplemental security income.  We have jurisdiction under 28 U.S.C. § 1291, and

we review *de novo* the district court's order.  *See Tommasetti v. Astrue*, 533 F.3d

1035, 1038 (9th Cir. 2008).  We may set aside the ALJ's denial of benefits "only if

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

it is not supported by substantial evidence or is based in legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation and internal quotation marks omitted).

1. The ALJ did not err by giving "minimal weight" to the examination findings and assessments of state agency physicians Dr. Neims, Dr. Wheeler, Dr. Krueger, Dr. Eisenhauer, and Dr. Ruddell. The ALJ analyzed each state agency physician's opinion separately, but ultimately gave them less weight for the same reasons: that they appeared to lack an objective basis and were inconsistent with Pierce's medical record as a whole. These reasons were "specific and legitimate" and supported by substantial evidence. *See Smartt*, 53 F.4th at 494. The ALJ explained that the state agency physicians seemed to rest their findings largely on Pierce's subjective reports, which the ALJ found to be unreliable because of Pierce's "disability conviction." Their opinions were also inconsistent with the opinions of the treating physicians who saw Pierce more regularly throughout the 2000s and 2010s. Generally, the more consistent a medical opinion is with the record as a whole, the more weight the ALJ gives to that medical opinion. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

2. The ALJ also did not err by giving "minimal weight" to the statement of Pierce's physical therapist, Ms. Larsen, and to the statement of Pierce's father. Opinions of physical therapists are not entitled to the same deference as the

opinions of providers within the definition of "acceptable medical sources," but ALJs must still give "germane" reasons for assigning less weight to or rejecting their opinions. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017); *see* 20 C.F.R. § 404.1527(b), (f). The ALJ permissibly explained that she gave less weight to Ms. Larsen's opinion because it was expressly based on a single 30-minute evaluation and relied heavily on the claimant's subjective reporting of symptoms. "An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. Inconsistency with medical evidence is one such reason." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (internal citation omitted). As with the state agency physicians, the ALJ gave less weight to Pierce's father's statements because his statements were inconsistent with Pierce's medical record as a whole. Accordingly, the ALJ gave "germane reasons" for giving less weight to Ms. Larsen's and Pierce's father's statements.

**AFFIRMED.**